OPINION
Defendant-appellant Edward Urey appeals the September 22, 1998 Inmate Sentencing Attachment and the September 22, 1998 Sentencing Addendum entered by the Coshocton County Court of Common Pleas, adjudicating him a sexual predator as defined in R.C. 2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On October 3, 1980, the Coshocton County Grand Jury indicted appellant in Case No. 80CR31 on one count of gross sexual imposition, in violation of R.C. 2907.05(A) (3), and one count of rape, in violation of R.C. 2907.02(A) (1). Count one of the indictment alleged appellant had engaged in sexual conduct with Bobby Grewell, not his spouse, and said victim being less than thirteen years of age. Count two of the indictment alleged appellant had engaged in sexual contact with Bobby Grewell, not his spouse, and said victim being ten years of age. At his arraignment on October 17, 1980, appellant entered a plea of not guilty to the indictment. On November 25, 1980, the parties appeared before the court. Appellant entered a plea of guilty to the gross sexual imposition charge, and the State acknowledged its intent to nolle prosequi the rape charge. The trial court memorialized the change of plea and the dismissal of the rape count via Judgment Entry dated December 8, 1980. Also in that judgment entry, the trial court ordered a pre-sentence investigation and a psychological evaluation of appellant. The trial court sentenced appellant to a minimum term of incarceration of one year to a maximum term of ten years. After appellant had served over six months total incarceration, including time in the county jail, he filed a motion for an order suspending further execution of his sentence and placing him on probation. The trial court conducted a hearing on May 27, 1981. Via Judgment Entry dated May 28, 1981, the trial court suspended appellant's sentence and placed him on probation for a period of three years with standard terms and conditions. On December 30, 1981, the Coshocton County Grand Jury indicted appellant in Case No. 81CR56 on two counts of gross sexual imposition, in violation of R.C.2907.05(A) (3). The indictment alleged appellant had engaged in sexual contact with Jason Babcock and Robert Lamping, neither victim being his spouse, and both victims being less than thirteen years of age. As a consequence of these charges, the trial court revoked appellant's probation and reimposed its original sentence in Case No. 80CR31. Case No. 81CR56 was tried to the court. After hearing the testimony and deliberations, the trial court found appellant guilty of both counts of gross sexual imposition. Via Judgment Entry dated July 28, 1982, the trial court sentenced appellant to a minimum of three years incarceration to a maximum of ten years on each count. The trial court ordered the sentences to be served concurrently. Via Judgment Entry dated July 29, 1982, filed in Case No. 80CR31, the trial court ordered the sentence in Case No. 80CR31 to be served consecutively to the sentence imposed in Case No. 81CR56. After the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, the Warden of the Madison Correctional Institution, the institution in which appellant is incarcerated, filed an H.B. 180 screening form recommending appellant be adjudicated a sexual predator. The trial court scheduled an H.B. 180 hearing for September 21, 1998. Prior to the hearing on September 21, 1998, appellant, through counsel, filed a motion to dismiss based upon ex post facto and retroactivity grounds, and to declare H.B. 180 unconstitutionally vague. Appellant also filed numerous pro se motions, including a motion for discovery, a motion for an expert witness at the State's expense, a motion to have the applicability of the sexual predator adjudication decided by a jury, and motions to dismiss on constitutional and statutory grounds. The trial court denied all of the motions. At the hearing, the State provided the court with a brief background of the offenses. The State noted the victims in both cases were young boys, under the age of the thirteen. The State reminded the court appellant committed the offenses in Case No. 81CR56 when he was out of prison on shock probation in Case No. 80CR31. The trial court advised the parties it had reviewed the records in both cases, including the pre-sentence investigation in Case No. 80CR31, the psychological evaluations of Leslie Taylor, Ph.D., and Dr. Willis C. Driscoll. The trial court stated it also had the benefit of overseeing the bench trial in Case No. 81CR56. After considering the records and the statements of counsel, the trial court adjudicated appellant a sexual predator. The trial court memorialized its decision in an Inmate Sentencing Attachment and Sentencing Addendum, both dated September 22, 1998. It is from this decision appellant appeals, raising the following assignments of error:
 I. THE COURT'S DECISION VIOLATES THE OHIO AND FEDERAL CONSTITUTIONS BY LABELING THE DEFENDANT AS A SEXUAL PREDATOR AND SUBJECTING HM TO THE REQUIREMENTS OF O.R.C. 2950
II. O.R.C. 2950.09(C) IS VOID FOR VAGUENESS.
 III. THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant's first assignment of error is overruled on the authority of State v. Cook (1998), 83 Ohio St.3d 404; State v. Nosic (February 1, 1999), Stark App. No. 1997CA00248, unreported; and State v. Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported.
 II
In his second assignment of error, appellant contends R.C.2950.09(C) is unconstitutionally vague. The State submits appellant never raised the issue of vagueness in the trial court; therefore, this Court need not consider the argument. We disagree. A review of the record reveals appellant's counsel filed a Motion to Dismiss on September 8, 1998, which moved the trial court to dismiss the sexual predator hearing for three reasons, including the argument R.C. 2950.09(C) is void for vagueness. Additionally, appellant filed a pro se Motion to Dismiss for Failure of Ohio Law to Provide a Constitutionally Valid Procedure to Adjudicate a Person to be a Sexual Predator on September 21, 1998. Although somewhat inartfully drafted, the motion essentially raises a vagueness argument. Upon review of the merits, we find appellant's second assignment of error is overruled on the authority of State v. Cook, supra; State v. Nosic, supra; State v. Bair, supra.
 III
Appellant's third assignment of error raises a manifest weight of the evidence claim. We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. A review of the bill of particulars in Case No. 81CR56, attached to the State's September 24, 1990 Motion to Dismiss filed in response to appellant's motion for modification of sentence, sets forth the conduct constituting the offenses for which appellant was convicted. On or about December 17, 1981, appellant, who was 20 years old, was playing outside in the snow with several young boys, including Jason Babcock, Mike Hahn, and Robert Lamping, who were all about six years old. Appellant and the boys entered the Hahn home to use the bathroom. Appellant positioned himself inside the bathroom door. As the boys urinated, appellant watched them. While Robert Lamping was in the bathroom, appellant fondled the boy's penis. Appellant threatened to beat Robert if he told anyone about what occurred in the bathroom. Appellant asked Jason Babcock to allow him to perform oral sex upon the boy. When Jason refused, appellant placed his hands in Jason's pants and fondled his penis. When Jason told appellant to stop or he would tell, appellant closed his fist and threatened the boy with bodily harm if he ever told anyone. These offenses were committed while appellant was on probation in Case No. 80CR31. While perpetrating the offense for which he was convicted in Case No. 80CR31, appellant locked his victim, a ten year boy, in a room. We find these facts mitigate in favor of the trial court's decision. The trial court was free to evaluate all the evidence before it. The trial court also had the benefit of being the presiding judge in both cases. Accordingly, we find the trial court's classification of appellant as a sexual predator is supported by some competent, credible evidence, and is not against the manifest weight of the evidence. Appellant's third assignment of error is overruled.
The judgment of the Coshocton County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Farmer, J. concur